

**null / ALL**
**Transmittal Number: 17370393**
**Date Processed: 11/08/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tanya Flores<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 103<br>San Diego, CA 92108 |
| **Electronic copy provided to:** | Krista Yerby |

| | |
|---|---|
| **Entity:** | Midland Funding LLC<br>Entity ID Number  2618148 |
| **Entity Served:** | Midland Funding, LLC |
| **Title of Action:** | Alycia Williamson vs. Midland Funding, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00040893-CU-BT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/06/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Alysson Snow<br>619-471-2655 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIDLAND FUNDING, LLC, and
DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALYCIA WILLIAMSON

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of San Diego
> **10/27/2017** at 02:42:37 PM
> Clerk of the Superior Court
> By Laura Melles, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of CA, San Diego<br>330 West Broadway<br>San Diego, California 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2017-00040893-CU-BT-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alysson Snow, LASSD, 110 South Euclid Ave, San Diego, CA 92114, (619) 471-2655

| | | |
|---|---|---|
| DATE: 10/30/2017<br>*(Fecha)* | Clerk, by *L. Melles*<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Midland Funding, LLC
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
         ☑ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):* CCP 1701.16
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1 | Alysson Snow (SBN 225185)
Mika Wilbur (SBN 289017)
2 | **LEGAL AID SOCIETY OF SAN DIEGO**
110 South Euclid Avenue
3 | San Diego, CA 92114
Tel: 619-471-2655
4 | Fax: 619-263-5697
alyssons@lassd.org
5 |
6 | Attorneys for Plaintiff
Alycia Williamson
7 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/27/2017** at 02:42:37 PM
Clerk of the Superior Court
By Laura Melles,Deputy Clerk

8 |

9 |          **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

10 |                              **CENTRAL DIVISION**

11 | ALYCIA WILLIAMSON,
                    Plaintiff,

12 |      vs.

13 | MIDLAND FUNDING, LLC and DOES 1
through 10, Inclusve,

14 |
                    Defendant(s).

Case No.  37-2017-00040893-CU-BT-CTL

**UNLIMITED CIVIL**

**COMPLAINT FOR:**

- **VIOLATIONS OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT;**

- **VIOLATIONS OF CALIFORNIA DEBT BUYER ACT;**

- **VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; and,**

- **VIOLATIONS OF THE UNFAIR COMPETITION LAW.**

Jury Trial Requested
Imaged Case

---

**COMPLAINT**

Plaintiff Alycia Williamson alleges against Defendant Midland Funding, LLC ("Defendant Debt Collector") and Defendant DOES 1 through 10 (collectively "Defendants") as follows:

1

## I. INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692, *et seq.* (hereinafter "FDCPA") and the California Fair Debt Buyer Practices Act, California Civil Code. section 1788.50, *et seq.* (hereinafter "FDBPA") that prohibits debt buyers from engaging in abusive, deceptive, and unfair practices along with a claim under California's Unfair Competition Law, Business & Professions Code section 17200, *et seq.*

## II. JURISDICTION AND VENUE

2.    This action has been commenced in the proper Court and Judicial District because Defendants engage in business here and Plaintiff lives in this Judicial District.

## III. PARTIES

3.    Plaintiff Alycia Williamson is a natural person residing in this district.

4.    Defendant Midland Funding, LLC is a Delaware limited liability company licensed to do business in California.  Defendant Debt Collector's main address is 3111 Camino Del Rio North, Suite 103, San Diego, California 92108.

5.    The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as DOES 1 through 10 are unknown to Mrs. Williamson who therefore sues said Defendants by such fictitious names.  Mrs. Williamson will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.  Mrs. Williamson is informed and believes that each of the fictitiously named Defendants and/or their agents and employees are responsible in some manner for the events and happenings alleged in this Complaint, and proximately caused Mrs. Williamson's damages.

6.    At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of the Defendants and Defendants' acts shall mean that the Defendants did the acts alleged through their officers, directors, managers, agents, representatives, and/or employees while they were acting within the course and scope of said agency, authority, and employment.

/////

2

1    7.    Defendant Debt Collector is a "debt collector" as defined by the Fair Debt Collection

2    Practices Act, Title 15 of the United States Code section 1692a(6) with regard to this debt and also

3    under California's Rosenthal Fair Debt Collection Practices Act, California Civil Code section

4    1788.2.

5                              **IV.  JURY TRIAL REQUEST**

6    8.    Mrs. Williamson requests a jury trial.

7                              **V.  FACTUAL ALLEGATIONS**

8    9.    Mrs. Williamson went to Sears many years ago looking to purchase a refrigerator for

9    her family.  At Sears, they were advertising that credit was available.  Mrs. Williamson applied for

10   credit with Sears and they approved her request.  Sears opened a credit account for Mrs. Williamson

11   and provided her a card ("Account").

12   10.    For several years, Mrs. Williamson used the Account to purchase goods for herself

13   and her family.  She did not use it for business purposes.

14   11.    Unfortunately, Mrs. Williamson's husband, a military man, was injured and was

15   medically separated from the military, causing financial difficulties.  Because of these financial

16   difficulties, Mrs. Williamson did default on the Account.

17   12.    Eventually, Defendant Debt Collector, through its agents, began attempting to collect

18   on a Citibank, N.A. account.  On information and belief, while Mrs. Williamson applied to Sears for

19   credit and had a card with "Sears" on it, Citibank, N.A. was the actual provider of credit.  On

20   information and belief, the account that Defendant Debt Collector was attempting to collect on was

21   Mrs. Williamson's Account.

22   13.    Defendant Debt Collector, through an agent, called Mrs. Williamson to collect on the

23   Account.  Mrs. Williamson, while disputing the amount of the debt but wanting to avoid litigation,

24   attempted to make arrangements to pay off the Account.

25   14.    Defendant Debt Collector rejected her offer and opted to pursue litigation.  That

26   action is currently pending in the Superior Court of California, County of San Diego, case number

27   37-2017-00027804-CL-CL-CTL (hereinafter "Lawsuit") against Mrs. Williamson regarding the

28   Account.

15.    The Lawsuit admitted that Defendant Debt Collector was a debt buyer as that term is defined by California Civil Code section 1788.50(a).

16.    The Lawsuit alleged that Defendant Debt Collector had complied with California Civil Code section 1788.52.

17.    In 2013, the Legislature passed the Fair Debt Buying Act as a way to protect consumers and provide clarity to the courts with regard to these purchased consumer debts.

18.    Defendants violated the Fair Debt Buying Act by failing to provide notice as required to Ms. Williamson as part of their initial written statement to her.

19.    Defendants did not include the following notice expressly mandated by the legislature:

> "You may request records showing the following: (1) that [insert name of debt buyer] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of the default or the date of the last payment (4) the name of the charge off creditor and the account number associated with the debt (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt.
>
> "A request for these records may be addressed to: [insert debt buyer's active mailing address and email address, if applicable]."

20.    The first collection letter, dated October 28, 2016, stated "Welcome! On 09-28-2016, your Citibank, N.A./Sears Charge Plus account was sold to MIDLAND FUNDING, LLC...." The letter identified the balance as $3,249.31. The letter did not have any of the disclosures required by Civil Code section 1788.52(d)(1).

21.    On information and belief, Defendant Debt Collector's failure to comply with the notice requirements of the Debt Buyer Act are part of a pattern and practice of violations. Defendant Debt Collector routinely alleges compliance with Civil Code section 1788.52, attaches the initial communication letter, but the letter does not have the disclosures required by statute.

22.    On information and belief, Defendant Debt Collector regularly responds to discovery that ask for collection letters by sending back allegedly true and correct responsive documents, and

4

1    the initial letter sent by or on behalf of Defendant Debt Collector does not have the required

2    disclosures of Civil Code 1788.52(d)(1).

3        23.    There has been at least one other suit against Defendant Debt Collector regarding

4    incorrect 1788.52 letters and on information and belief, Defendant Debt Collector is still failing to

5    comply.

6        24.    As the failure to include the requires disclosures is obvious, at minimum, it shows

7    that Defendant Debt Collector does not review its own documents or other company's documents it

8    allegedly relies on when it attempts to collect alleged debts from consumers in California.

9        25.    This failure to review is further revealed by the account statements that were

10    provided to Mrs. Williamson, showing that the original creditor was unlawfully adding late fees.

11        26.    For example, the account statement ending on September 4, 2015, showed an

12    account balance of $2,645.37, a credit limit of $2,800.00, available credit of $154.00, and a warning

13    that a late fee of $35.00 could be charged if payment was late.

14        27.    The account statement ending on October 5, 2015, showed an account balance of

15    $2,619.57, a credit limit of $2,800.00, available credit of $180.00, and a warning that a late fee of

16    $35.00 could be charged if payment was late.

17        28.    The account statement ending on November 4, 2015, showed an account balance

18    of $2,590.21, a credit limit of $2,800.00, available credit of $209.00, and a warning that a late fee of

19    $35.00 could be charged if payment was late.

20        29.    The account statement ending on December 4, 2015, showed an account balance of

21    $2,563.61, a credit limit of $0.00, available credit of $0.00, and a warning that a late fee of $35.00

22    could be charged if payment was late. There was no past due amount, and the proper minimum

23    payment had been paid on time. This shows that as of December 4, 2015, the account was closed as

24    it could not be used for new purchases.

25        30.    The account statement ending on January 5, 2016, showed an account balance of

26    $2,656.64, a credit limit of $0.00, available credit of $0.00, and a warning that a late fee of $35.00

27    could be charged if payment was late. As before, the showing of no available credit shows that the

28

COMPLAINT

1    account was closed.  The statement shows a late fee of $35.00 being applied, as there was no

2    payment.

3          31.    The account statement ending on February 3, 2016, showed an account balance of

4    $2,7,46.04, a credit limit of $0.00, available credit of $0.00, and a warning that a late fee of $35.00

5    could be charged if payment was late.

6          32.    None of the previously identified statements had a statement that there would be a

7    change to the maximum late fee in the future.

8          33.    The account statement ending on March 4, 2016, showed that a late fee of $37.00

9    was charged.  This shows a direct violation of the Truth in Lending Act, Title 15 United States

10    Code section 1637(b)(12)(A) as the previous statement only identified a potential $35.00 late fee.

11          34.    The previous statements did not identify any change in the potential late fee amount

12    in violation of Federal Regulation Z, section 1026.9(c)(2)(i), which requires prior notice of changes

13    of significant terms.

14          35.    Furthermore, as the account was closed, no unilateral charges could be made to the

15    account, nor could there have been any "assent" by using the account.

16          36.    As a direct and proximate result of these violations, among others, Mrs. Williamson

17    has suffered damages.

18        **VI.  FIRST CLAIM FOR RELIEF – FEDERAL FAIR DEBT COLLECTION**

19              **PRACTICES ACT AGAINST ALL DEFENDANTS**

20          37.    Plaintiff repeats, realleges, and incorporates by reference paragraphs one through

21    thirty-six above.

22          38.    Plaintiff is a "consumer" as that term is defined by the Fair Debt Collection Practices

23    Act, Title 15 of the United States Code section 1692a(3).

24          39.    Defendant Debt Collector is "debt collector" as that term is defined by the Fair Debt

25    Collection Practices Act, Title 15 of the United States Code section 1692a(6).

26          40.    The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is

27    defined by the Fair Debt Collection Practices Act, Title 15 of the United States Code section

28    1692a(5).

COMPLAINT

41.   All defendants violated the Fair Debt Collection Practices Act. Defendants' violations include, but are not limited to, violating Title 15 of the United States Code sections 1692e, 1692e(2)(a), 1692e(10), and 1692(f)(1) by misrepresenting the amount of the debt on the October 28, 2016 letter.

42.   Plaintiff suffered damages as a direct and proximate result of Defendants actions.

## VII. SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS – FAIR DEBT BUYER PRACTICES ACT

43.   Plaintiff repeats, reallages, and incorporates by reference paragraphs one through forty-two above.

44.   Plaintiff brings the second claim for relief against all Defendants under the Fair Debt Buying Practices Act, California Civil Code section 1788.50 *et seq.*

45.   Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

46.   On information and belief, all defendants are "debt collectors" as that term is defined by California Civil Code section 1788.2(c) and Defendants actions were willful.

47.   The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by California Civil Code section 1788.2(f).

48.   Defendant Debt Collector is a "debt buyer" as identified California Civil Code section 1788.1(a)(1).

49.   The financial obligation is a "charged-off consumer debt" as defined by California Civil Code section 1788.1(a)(2).

50.   The debt was allegedly purchased after January 1, 2014.

51.   Defendants violated the Fair Debt Buyer Practices Act. Defendants' violations include, but are not limited to, the following: Defendants violated California Civil Code section 1788.52 failing to send out a notice that provided the mandatory disclosures required by the statute.

52.   As a direct and proximate result of Defendant's actions, Plaintiff suffered damages.

/////

/////

7

## VIII.  THIRD CLAIM FOR RELIEF—VIOLATIONS OF CALIFORNIA'S ROSENTHAL ACT AGAINST ALL DEFENDANTS

53.     Plaintiff repeats, realleges, and incorporates by reference paragraphs one through fifty-two above.

54.     Plaintiff brings the third claim for relief against all Defendants under the Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 *et seq.*

55.     Plaintiff is a "debtor" as that term is defined by California Civil Code section 1788.2(h).

56.     On information and belief, all defendants are "debt collectors" as that term is defined by California Civil Code section 1788.2(c) and Defendants actions were willful.

57.     The financial obligation is a "charged-off consumer debt" as defined by California Civil Code section 1788.1(a)(2).

58.     All defendants violated the Rosenthal Act.  Defendants' violations include, but are not limited to, the following:  Defendants violated Civil Code section 1788.17 by violating Title 15 of the United States Code sections 1692e, 1692e(2)(a), 1692e(10), and 1692(f)(1) by misrepresenting the amount of the debt on the October 28, 2016 letter.

59.     As a direct and proximate result of these violations Plaintiff has suffered damages.

## IX.  FOURTH CLAIM FOR RELIEF—VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW

60.     Plaintiff repeats, realleges, and incorporates by reference paragraphs one through fifty-nine above.

61.     California Business and Professions Code sections 17200, *et seq.*, prohibits unfair, unlawful and fraudulent business practices.

62.     Defendants have engaged in unfair competition as defined by the Business and Professions Code section 17200.

63.     Defendants' acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes.  Further, Defendants' conduct is unfair because it offends established public policy or is immortal, unethical, oppressive, unscrupulous, and

COMPLAINT

1   substantially injurious to consumers.  And, as detailed above and below, Defendants' conduct

2   violates consumer laws, including the federal Fair Debt Collection Practices Act, Fair Debt Buyer

3   Practices Act; violates the spirit of these statutes, and otherwise significantly threatens or harms

4   consumers.

5          64.    Defendants' conduct has caused substantial injury, which was not reasonably

6   avoidable by Mrs. Williamson and is not outweighed by countervailing benefits to consumers or to

7   competition.

8          65.    Defendants' actions constitute unlawful competition because it engaged in the

9   following acts:

10                a.   Violating the California Fair Debt Buyer Practices Act by not providing the

11                     statutory notices to consumers;

12                b.   Violating the California and federal Debt Collector Consumer Protections Acts by

13                     attempting to collect amounts not lawfully owed.

14         66.    Plaintiff suffered injury in fact and monetary damages as a direct and proximate

15   result of Defendants' actions.

16         67.    Plaintiff seeks restitutionary relief pursuant to Business and Professions Code section

17   17203.

18         68.    Defendants are engaging, have engaged, and there is a substantial likelihood that

19   they will continue to engage in this unlawful and unfair competition unless enjoined by this Court.

20   As such, pursuant to Business and Professions Code section 17203, Defendants should be enjoined

21   from unlawful and unfair business acts.

22                              **PRAYER FOR RELIEF**

23         WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be

24   awarded damages from Defendant, as follows:

25         a. An award of statutory damages of $1,000.00 pursuant to the Fair Debt Collection

26   Practices, Title 15 of the United States Code section 1692k(a)(2)(A);

27         b. An award of statutory damages of $1,000.00 pursuant to California Civil Code section

28   1788.62(b);

9

c. An aware of statutory damages of $1,000 pursuant to California Civil Code section 1788.30(b)

d. An injunction under Business and Profession Code section 17203;

e. Attorney's fees;

f. Costs;

g. Actual damages according to proof;

h. Interest;

i. Declaratory relief that the notice provided in this case does not comply with California Civil Code section 1788.52; and

j. Award Plaintiff any other relief as may be just and proper.


Dated: October 27, 2017

Respectfully submitted by,

/s/ Alysson Snow

Alysson Snow
Mika Wilbur
**Attorneys for Plaintiff Alycia Williamson**

10

COMPLAINT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:   330 W Broadway

MAILING ADDRESS:   330 W Broadway

CITY AND ZIP CODE:   San Diego, CA 92101-3827

BRANCH NAME:   Central

TELEPHONE NUMBER:   (619) 450-7065

PLAINTIFF(S) / PETITIONER(S):   Alycia Williamson

DEFENDANT(S) / RESPONDENT(S):   Midland Funding LLC

ALYCIA WILLIAMSON VS. MIDLAND FUNDING LLC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2017-00040893-CU-BT-CTL |
|---|---|

### CASE ASSIGNMENT

Judge:  Joan M. Lewis                        Department: C-65

**COMPLAINT/PETITION FILED: 10/27/2017**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/13/2018 | 10:15 am | C-65 | Joan M. Lewis |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
## County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |

| Short Title: Alycia Williamson vs. Midland Funding LLC [IMAGED] | |
|---|---|

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2017-00040893-CU-BT-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Alysson Snow |
| On Behalf of: | Alycia Williamson |
| Transaction Number: | 2409426 |
| Court Received Date: | 10/27/2017 |
| Filed Date: | 10/27/2017 |
| Filed Time: | 02:42 PM |
| Fee Amount Assessed: | $0.00 |
| Case Number: | 37-2017-00040893-CU-BT-CTL |
| Case Title: | Alycia Williamson vs. Midland Funding LLC [IMAGED] |
| Location: | Central |
| Case Type: | Business Tort |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |
| Accepted | Request to Waive Court Fees |
| Accepted | Order on Court Fee Waiver |
| Accepted | Notice of Related Case |

**Comments**

**Clerk's Comments:**

---

10/30/2017          NOTICE OF CONFIRMATION OF FILING

**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 04/13/2018 | 10:15 AM | Central | C-65 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

**NOTICE OF CONFIRMATION OF FILING**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Alysson Snow (SBN 225185)
LEGAL AID SOCIETY OF SAN DIEGO, INC.
110 South Euclid Ave
San Diego, CA 92114
  TELEPHONE NO.: (619) 471-2655    FAX NO. *(Optional)*: (619) 263-5697
E-MAIL ADDRESS *(Optional)*: alyssons@lassd.org
ATTORNEY FOR *(Name)*: Alycia Williamson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS: 330 W. Broadway
  CITY AND ZIP CODE: San Diego 92101
  BRANCH NAME: Central

PLAINTIFF/PETITIONER: Alycia Williamson

DEFENDANT/RESPONDENT: Midland Funding, LLC

**NOTICE OF RELATED CASE**

**FOR COURT USE ONLY**

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**10/27/2017** at 02:42:37 PM

Clerk of the Superior Court
By Laura Welles, Deputy Clerk

CASE NUMBER: 37-2017-00040893-CU-BT-CTL

JUDICIAL OFFICER:

DEPT.:

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: Midland Funding, LLC v. Alycia Williamson
   b. Case number: 37-2017-00027804-CL-CL-CTL
   c. Court: [✓] same as above
      [ ] other state or federal court *(name and address):*
   d. Department: c-27
   e. Case type: [✓] limited civil [ ] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
   f. Filing date: 07/28/2017
   g. Has this case been designated or determined as "complex?" [ ] Yes [✓] No
   h. Relationship of this case to the case referenced above *(check all that apply):*
      [✓] involves the same parties and is based on the same or similar claims.
      [ ] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      [ ] involves claims against, title to, possession of, or damages to the same property.
      [✓] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         [ ] Additional explanation is attached in attachment 1h
   i. Status of case:
      [✓] pending
      [ ] dismissed [ ] with [ ] without prejudice
      [ ] disposed of by judgment

2. a. Title:
   b. Case number:
   c. Court: [ ] same as above
      [ ] other state or federal court *(name and address):*
   d. Department:

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
CM-015 [Rev. July 1, 2007]

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300
www.courtinfo.ca.gov

**CM-015**

| PLAINTIFF/PETITIONER: Alycia Williamson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Midland Funding, LLC | |

**2.** *(continued)*

    e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 2h

    i. Status of case:

        ☐ pending

        ☐ dismissed   ☐ with   ☐ without prejudice

        ☐ disposed of by judgment

**3.** a. Title:

    b. Case number:

    c. Court: ☐ same as above

        ☐ other state or federal court *(name and address):*

    d. Department:

    e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☐ other *(specify):*

    f. Filing date:

    g. Has this case been designated or determined as "complex?"   ☐ Yes   ☐ No

    h. Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐ Additional explanation is attached in attachment 3h

    i. Status of case:

        ☐ pending

        ☐ dismissed   ☐ with   ☐ without prejudice

        ☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: 10/27/2017

Alysson Snow
_____
(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

**CM-015**

| PLAINTIFF/PETITIONER: Alycia Williamson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Midland Funding, LLC | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service.  The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):*

   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:  c. Name of person served:

   Street address:  Street address:
   City:  City:
   State and zip code:  State and zip code:

   b. Name of person served:  d. Name of person served:

   Street address:  Street.address:
   City:  City:
   State and zip code:  State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2017-00040893-CU-BT-CTL        CASE TITLE: Alycia Williamson vs. Midland Funding LLC [IMAGED]

<u>**NOTICE**</u>**: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
     **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
     **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** <u>***and***</u>
     **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | **FOR COURT USE ONLY** |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:        Central | |

| PLAINTIFF(S):   Alycia Williamson |
|---|

| DEFENDANT(S): Midland Funding LLC |
|---|

| SHORT TITLE:   ALYCIA WILLIAMSON VS. MIDLAND FUNDING LLC [IMAGED] |
|---|

| **STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2017-00040893-CU-BT-CTL |
|---|---|

Judge: Joan M. Lewis                                                Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)                 ☐  Non-binding private arbitration

☐  Mediation (private)                          ☐  Binding private arbitration

☐  Voluntary settlement conference (private)    ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)                 ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                   Date: _____

_____               _____
Name of Plaintiff                               Name of Defendant

_____               _____
Signature                                       Signature

_____               _____
Name of Plaintiff's Attorney                    Name of Defendant's Attorney

_____               _____
Signature                                       Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/30/2017 _____      JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alysson Snow (SBN 225185)<br>LEGAL AID SOCIETY OF SAN DIEGO, INC.<br>110 South Euclid Avenue<br>San Diego, California 92114<br>TELEPHONE NO.: (619) 471-2655  FAX NO.: (619) 263-5697<br>ATTORNEY FOR *(Name):* Alycia Williamson | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**10/27/2017** at 02:42:37 PM<br><br>Clerk of the Superior Court<br>By Laura Melles, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central

CASE NAME:
Williamson v. Midland Funding, LLC

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] **Unlimited** [ ] **Limited**<br>(Amount      (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2017-00040893-CU-BT-CTL |
| | | JUDGE: Judge Joan M. Lewis |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):* 4. FDCPA, RFDCPA, CFDBA, UCL
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/27/2017
Alysson Snow
_____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

1   Alysson Snow (SBN 225185)
    Mika Wilbur (SBN 289017)
2   **LEGAL AID SOCIETY OF SAN DIEGO**
    110 South Euclid Avenue
3   San Diego, CA 92114
    Tel: 619-471-2655
4   Fax: 619-263-5697
    alyssons@lassd.org
5

6   Attorneys for Plaintiff
    Alycia Williamson
7

8

9              **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
10                              **CENTRAL DIVISION**

    ALYCIA WILLIAMSON,                    )
11                         Plaintiff,      )   **Case No. 37-2017-00040893-CU-BT-CTL**
                                           )
12          vs.                            )   **NOTICE OF ASSOCIATION OF COUNSEL**
                                           )
13   MIDLAND FUNDING, LLC and DOES 1       )
     through 10, Inclusve,                 )
14                                         )
                      Defendant(s).        )
15                                         )
                                           )
16                                         )
                                           )
17                                         )
                                           )
18                                         )
                                           )
19                                         )
                                           )
20                                         )

21

22

23

24

25

26

27

28

                                    1

**PLEASE TAKE NOTICE THAT** Alysson Snow and Mika Wilbur, attorneys of record for Plaintiff Alycia Williamson, hereby associate in Samuel Henderson of Henderson Consumer Law as co-counsel for Plaintiff, Alycia Williamson, in the above-captioned case.  The name, office address, telephone number, fax number, and email address of the associated counsel are as follows:

HENDERSON CONSUMER LAW
Samuel Henderson (Bar No. 279717)
185 W. F. St., Ste. 100-J
San Diego, CA 92101
Tel: (760) 575-4594
Fax: (760) 688-3732
Email: henderson@hendersonconsumerlaw.com

Dated:  November 6, 2017

Respectfully submitted by,

_____
Alysson Snow
Mika Wilbur
Legal Aid Society of San Diego, Inc.
**_Attorneys for Plaintiff Alycia Williamson_**

_____
Samuel Henderson
Henderson Consumer Law

2